IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 2004–154-06 |
| | : |
| CLYDE EDINBOROUGH, JR. | : |

## MEMORANDUM

Giles, J.                                                                                           August 29, 2008

Raised at the sentencing was an Amended Motion for New Trial filed by Defendant Clyde Edinborough Jr. in the above-captioned matter (Docket No. 895). Defendant filed the motion on the eve of his sentencing, asserting newly discovered evidence had been brought to his attention since this court's denial of Defendant's Motion for New Trial, issued on April 24, 2008 (Docket No. 868). The court heard argument by the Defendant as well the Government in a record hearing held on June 27, 2008. The court denied the motion, and provided its reasoning on the record.

The newly discovered evidence that Defendant argues warrants the grant of a new trial is the trial testimony of Danny Rawlins in November 2007 in a retrial of one of Defendant Edinborough's co-defendants, Roy Brewley ("the Brewley retrial"). Defendant argues that the testimony that Danny Rawlins gave during the Brewley retrial concerning his encounters with Defendant in July of 2003 was substantially different than the testimony that Rawlins gave during the trial of Defendant in November 2006. This difference, Defendant argues, warrants a new trial.

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Should a defendant seek a new trial on the basis of newly discovered evidence, he has the burden of establishing several factors:

> (a) the evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

United States v. Cimera, 459 F.3d 452, 458 (3d Cir. 2006).

The court has reviewed the trial transcripts of Rawlins' testimony in both trials, and concluded that Defendant had not met his burden to establish why Rawlins' testimony from the Roy Brewley retrial would probably produce an acquittal of the substantive count of which Defendant was tried and convicted in November 2006.

During his testimony in the Roy Brewley retrial, Rawlins consistently testified that he understood that the suitcase that he was given by Defendant in June or July 2003 contained cocaine. He was not asked how he came to that understanding, despite Defendant saying to him that it was just books in the bag. However, a reasonable juror would find that Rawlins understood that the bag contained cocaine, not books, because Defendant enlisted him for money to smuggle the bag through an airport conspiracy that both knew was dedicated to smuggling cocaine, not books, non-stop to Miami.

Further, the substantive count on which Defendant was convicted charged possession with intent to distribute a mixture or substance containing a detectable amount of cocaine on or about November 18, 2003, not June or July 2003. Rawlins testified at the Roy Brewley retrial

consistent with his testimony at defendant's trial that on November 18, 2003, Defendant enlisted him with the payment of money to move cocaine through the international airport and that he took Defendant's bag containing cocaine to Dorival at the airport for delivery to Miami. That bag was seized in Miami. Rawlins learned about the seizure of the cocaine bag from Defendant himself.

Defendant contends that there is a material difference between Rawlins' testimony at the first trial that the payment for his services was $4000 on November 18, and at the Brewley retrial that the payment to him was $2000. The court finds that is not a significant discrepancy because it would not likely result in acquittal. The drug distribution convictions did not turn on the amount of payment to Rawlins, but whether the smuggled bag contained cocaine. The seizure proved that it did.

The court found that it was not likely that the purported "new" evidence would produce an acquittal. Therefore, a new trial was ruled not appropriate.

The court incorporates by reference herein the reasons for its ruling as made on the record on June 27, 2008.

An order follows.