```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN
```

**CLYDE EDINBOROUGH,**               ) D.C. CV. NO. 2010-125
      Petitioner,            )
                                     ) Ref: D.C. CR. NO. 2004-154
    v.                            )
                                        )
**UNITED STATES OF AMERICA,**        )
      Respondent.           )
_____ )

## O R D E R

**THIS MATTER** is before the Court on several motions by *pro se* Petitioner Clyde Edinborough ("Edinborough").  First Edinborough requests discovery and oral testimony from Assistant United States Attorney Delia Smith to obtain the following information:

> 1). Any and all "Documentation", "Affidavit", "Oral Testimony/Disclosure" relating to the <u>prosecution</u> in her <u>former</u> <u>capacity</u> as an "Assistant Attorney General", in the Office of the "Attorney General of the Virgin Islands of the United States, Division of St. Thomas/St. John", in regards to the Case of, "The People of the Virgin Islands v. JOHN DOE, [Described as the Biological father of Jury Foreperson, FELDERE WEBSTER-LEE, [in this captioned Federal matter]" who was then accused of Incestuous Sexual Molestation, of FELDERE WEBSTER-LEE. <u>Specifically</u> any and <u>all</u> evidence of her direct and or indirect participation in the "investigation", "preparation" – (to include notes of pre-trial interviews with FELDERE WEBSTER-LEE conducted by Delia Smith).  And or DELIA SMITH'S "Knowledge and <u>Deliberate</u> <u>Concealment</u>" of this fact(s) from the trial court <u>during</u> <u>pre</u>-<u>trial</u> jury voir dire.

> 2). AUSA DELIA SMITH'S, "knowledge", advice", "counseling", "comforting", etc[.], of FELDERE WEBSTER-LEE, in the subsequent Civil Lawsuit, filed on behalf of FELDERE WEBSTER-LEE'S, father by then Attorney STEPHEN BRUSCH, that sought "monetary compensatory" damages,

*Edinborough v. USA*
D.C. CV. No. 2010-125
Order
Page 2

>    against FELDERE WEBSTER-LEE, her then husband who was
>    accused of "shooting FELDERE WEBSTER-LEE'S then husband"
>    and the Corporate/Company entity they (FELDERE WEBSTER-
>    LEE & her then Husband Mr. DUDLEY WEBSTER, Jr. owned).

(Mot. for Oral Testimony at 2-3 (emphasis in original).) Edinborough contends that these facts are germane to claims to be made in his motion pursuant to 28 U.S.C. § 2255. Edinborough subsequently filed his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

The rule governing discovery in § 2255 proceedings provides that:

>    (a) Leave of Court Required. A judge may, for good
>    cause, authorize a party to conduct discovery under the
>    Federal Rules of Criminal Procedure or Civil Procedure,
>    or in accordance with the practices and principles of
>    law. If necessary for effective discovery, the judge
>    must appoint an attorney for a moving party who qualifies
>    to have counsel appointed under 18 U.S.C. § 3006A.
>    (b) Requesting Discovery. A party requesting
>    discovery must provide reasons for the request. The
>    request must also include any proposed interrogatories
>    and requests for admission, and must specify any
>    requested documents.
>    (c) Deposition Expenses. If the government is
>    granted leave to take a deposition, the judge may require
>    the government to pay the travel expenses, subsistence
>    expenses, and fees of the moving party's attorney to
>    attend the deposition.

Rules Governing Section 2255 Proceedings, Rule 6. The Court has considered Edinborough's discovery request and does not find good cause to grant same.

Edinborough also seeks leave to proceed *in forma pauperis* with

*Edinborough v. USA*
D.C. CV. No. 2010-125
Order
Page 3

a prison account balance of approximately $5,700.00, but urges the Court to note that no filing fee is required for a proceeding under Section 2255. The Court is well aware that no filing fee is required in a § 2255 proceeding, but the Court also notes that:

> [e]ven though there is no need to have a forma pauperis affidavit to proceed with the action since there is no requirement of a fee for filing the motion the affidavit remains attached to the form to be supplied potential movants. Most such movants are indigent, and this is a convenient way of getting this into the official record so that the judge may appoint counsel, order the government to pay witness fees, allow docketing of an appeal, and grant any other rights to which an indigent is entitled in the course of a § 2255 motion, when appropriate to the particular situation, without the need for an indigency petition and adjudication at such later point in the proceeding.

Rule 3 of the Rules Governing Section 2255 Proceedings advisory committee's notes (1976); *see also Martin v. United States*, 273 F.2d 775, 778 (10th Cir. 1960). Therefore, while it is undisputed there is no filing fee to initiate a Section 2255 motion, whether Edinborough is granted leave to proceed *in forma pauperis* may affect other aspects of the proceeding.

The decision whether to grant or deny *in forma pauperis* status rests within the sound discretion of the district court. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985). To proceed *in forma pauperis*, a petitioner must be financially eligible before the Court assesses the merits of the underlying complaint. *See Roman v. Jeffers*, 904 F.2d 192, 194 n.1 (3d Cir. 1990); *see also* 28

*Edinborough v. USA*
D.C. CV. No. 2010-125
Order
Page 4

U.S.C. § 1915(e)(2).

    Here, Edinborough's prison account balance as of March 18, 2011 was Five Thousand Seven Hundred Twelve Dollars and Eighty Cents ($5,712.80). Therefore, the Court finds that Edinborough is financially ineligible to proceed *in forma pauperis* and will deny his application to proceed *in forma pauperis*. The Court notes, however, that the denial of Edinborough's request for indigent status at this stage does not preclude him from later obtaining such status.

    Having duly considered the premises, it is hereby

    **ORDERED** that Edinborough's request for discovery and oral testimony from AUSA Delia Smith (ECF No. 1003) is **DENIED** without prejudice; and further

    **ORDERED** that Edinborough's request for subpoena duces tecum (ECF No. 1009) is **DENIED** without prejudice; and further

    **ORDERED** that Edinborough's motion for waiver of filing fees (ECF No. 1026) is **DENIED as moot** insofar as there is no filing fee required in this motion pursuant to 28 U.S.C. § 2255; and further

    **ORDERED** that Edinborough's application to proceed *in forma pauperis* (ECF No. 1027) is **DENIED** without prejudice; and further

    **ORDERED** that Edinborough's motion for release on bail pending a decisions in his § 2255 motion and motion for new trial pursuant

*Edinborough v. USA*
D.C. CV. No. 2010-125
Order
Page 5

to Rule 33 of the Federal Rules of Criminal Procedure (ECF No. 1020) is **DENIED**; and further

**ORDERED** that the Clerk's Office shall prepare a civil summons to be served upon Respondent, the **United States Attorney**, along with Edinborough's motions pursuant to 28 U.S.C. § 2255 and Fed. R. Crim. P. 33 (ECF Nos. 1014-17 and 1019); and further

**ORDERED** that the U.S. Marshal Service shall serve Respondent pursuant to Federal Rules of Civil Procedure, Rule 4(c)(3) and file proof of service with the Clerk of Court; and finally

**ORDERED** that the **United States Attorney** shall respond to Edinborough's motion pursuant to 28 U.S.C. § 2255 within **sixty (60) days** of service of process.

            **E N T E R:**

            /s/ Ruth Miller
            _____
            **RUTH MILLER**
            **MAGISTRATE JUDGE**

Copies to:
  Clyde Edinborough, Reg. No. 07545-094, Federal Correctional Institution, Federal Satellite Low, 2680 301 South, Jesup, GA 31599 (Please Mark: "LEGAL MAIL")